# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : |
| | : **CRIMINAL NO. 5:24-CR-49 (CAR)** |
| **KEYON PONDER,** | : |
| | : |
| Defendant. | : |
| | : |

## PROTECTIVE ORDER REGARDING DISCLOSURE OF DISCOVERY MATERIALS

For the reasons stated in the parties' Joint Motion for a Protective Order Regarding Disclosure of Discovery Materials, the Motion [Doc. 21] is **GRANTED**, and **IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. For the purposes of this matter, confidential, sensitive, and potentially protected information means dates of birth, social security numbers, home addresses, personal telephone (cellular and landline) numbers, employee and other identifying numbers, financial records (which includes bank account numbers and tax documents), and other personal identifying information specific to a particular individual, but not including a name.

2. The materials, described above, provided by the United States to defense counsel in the above-referenced case in preparation for trial will be used by the defendant and defendant's counsel solely for the purpose of allowing the defendant to prepare his defense.

3. The discovery materials provided by the United States, regardless of whether such materials and information have been produced pursuant to Rule 16 or otherwise, shall not be further disseminated by the defense counsel or the defendant to any individual, organization, or other entity, other than:

a. To members of the defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, and secretarial staff);

b. Experts or consultants retained to assist in the preparation of the defense, and then only if such information is necessary to that preparation; and

c. The Court.

Upon any dissemination of the materials and information containing the confidential, sensitive, or protected information identified herein, defense counsel will inform the recipient of the requirement to maintain the confidentiality of the information conveyed.

4. Defense counsel and any investigators may display copies of any materials containing the confidential, sensitive, or protected information provided as discovery to non-expert witnesses if it is determined that it is necessary to do so for the purpose of preparing the defense of the case and may do so without any notice to the United States. However, the defense team may only show copies of confidential, sensitive, or protected information to witnesses, in the presence of the defense team, if the witnesses agree that they will not disseminate information in the documents and provided that the defense team retrieves all copies of the confidential, sensitive, or protected information from the witnesses after the meeting.

5. The Defendant may not be given copies of any materials which contain confidential, sensitive, or protected information, to include dates of birth, social security numbers, home addresses, or other personal identifying information and may not make copy or write down.

The Defendant may review confidential, sensitive, or protected information while in the presence of the defense team, but the defense team must maintain custody and control of the confidential, sensitive, or protected information. If defense counsel determines that it is necessary to provide copies of any materials to the Defendant, counsel will ensure that all confidential, sensitive, or protected information, to include dates of birth, social security numbers, home addresses, or other personal identifying information, are first redacted from any such materials. All defendants, however, can have unfettered access to any materials containing confidential, sensitive, or protected information, which only contains information about the Defendant.

If counsel determines there is need for Defendant to have access to unredacted material containing confidential, sensitive, or protected information outside the presence of the defense team, counsel may petition the court *ex parte* for permission to do so.

6. If the Defendant's counsel desires to disclose any of the materials containing confidential, sensitive, or protected information or make available or communicate the content of such materials to any other person counsel may advise counsel for the government and seek its consent or may petition the court *ex parte* for permission to do so

7. Upon termination of these actions and after the time for appeal and/or post-conviction (i.e. habeas corpus or collateral attack under 18 U.S.C. §2255) has expired, counsel for the Defendant shall return all copies of the discovery materials to the United States, shall certify that said documents have been destroyed, or, to the extent counsel deems it necessary to maintain any part of discovery, shall be governed by this order and certify that the documents are stored in a way that makes any protected information inaccessible to any third parties and provide a document destruction date.

8.      The ORDER is subject to modification upon appropriate motion.

**IT IS SO ORDERED**, this 19th day of November, 2024.

                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT